UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        -against-

HASIM MITCHELL

----------------------------------X

**Notice of Motion to Suppress Property and Statements**
07 CR 405 (GEL)

SIRS:

PLEASE TAKE NOTICE, that upon the annexed Declaration of William J. Stampur, attached memorandum of law, declaration of HASIM MITCHELL and exhibits, and upon all proceedings heretofore had herein, the defendant moves this Court granting the following requested relief:

   1. To suppress the property and statements of the defendant pursuant to Rule 12b(3)(C) Federal Rules of Criminal Procedure.

Dated:   New York, New York
          September 12, 2007

                                      WILLIAM STAMPUR, ESQ.-9797
                                      Attorney for Defendant
                                      299 Broadway, Suite 800
                                      New York, NY 10007

TO:   HONORABLE GERARD E. LYNCH
      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, NY 10007

      AUSA RANDALL W. JACKSON
      United States Attorney's Office
      One Saint Andrew's Plaza
      New York, NY 10007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,
                                                    Affirmation
            -against-                               07 CR 405(GEL)


HASIM MITCHELL
-----------------------------------X
```

    **WILLIAM J. STAMPUR, ESQ.**, an attorney duly admitted to the practice of law before the Bar of this Court and this State, affirms, under the penalties of perjury, that the following facts, upon information and belief, are true. The sources of your affirmant's information and basis of his belief are the Court records, the records on file in my office, and conversations had with the defendant, and the Assistant United States Attorney assigned to prosecute this case.

    I submit this affirmation in support of defendant's motion seeking the following relief:

    1.    Suppression of physical evidence, namely, a weapon, as well as statements made by the defendant.

    2.    For such other and further relief as to this Court may seem just and proper.

## THE INDICTMENT

    Under Indictment 07 CR 405, the Grand Jury of the Southern District of New York charged the defendant, HASIM MITCHELL, in a one count indictment with a violation of §18 U.S.C., § 922 (g)(1), a felon in possession of a weapon.

    With regard to this charge, it is alleged that the defendant possessed a weapon on April 7, 2007 in the Bronx.

## SUPPRESSION OF PHYSICAL EVIDENCE

    On April 7, 2007, law enforcement agents stopped Hasim Mitchell at approximately 8 p.m. in the evening for no apparent reason while walking on the street in the Bronx. Mr. Mitchell was asked for identification.

As is more fully discussed in Mr. Mitchell's declaration and memorandum of law, a warrantless, unconsented seizure occurred, violative of the defendant's Fourth Amendment Rights.

Hence, physical evidence recovered and statements made by Mr. Mitchell and attributed to him, should be suppressed as the unlawful fruit of said illegality. **Wong Sun v. United States.** 371 U.S. 471 (1963).

WHEREFORE, your affiant prays for an Order granting the relief sought herein, and for such other and further relief as to this Court may seem just and proper.

Dated:     New York, New York
           September 12, 2007

                                                    _____
                                                    WILLIAM J. STAMPUR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                                      **DECLARATION**

        -against-                  07 CR 405(GEL)

HASIM MITCHELL
----------------------------------X

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

     I, Hasim Mitchell, declare under penalties of perjury pursuant to 28 U.S.C. §1746 that:

1. On or about April 7, 2007, at approximately 8 p.m., I was walking, with my friend Kevin, in a southerly direction on the west side of Merriman Avenue, Bronx County, from 169th Street towards 168th Street.

2. At this time, I had a .45 caliber gun in a black plastic shopping bag that was closed and folded. The bag was under my arm.

3. At that time, there was a burgundy Chevrolet Impala parked on the east side of 169th Street.

4. The Impala drove from the east side of the street to the west side where I was walking with Kevin. Four plainclothes police officers exited the vehicle and surrounded us.

5. One of the officers asked for my identification. I gave him my driver's license and he returned to his vehicle.

6. Two of the other officers started questioning me. Kevin was questioned by a third officer a few feet from where I was

standing. Some of the questions and responses that I remember being asked were the following:

- Where was I going? I responded that I was going to my house.
- What was in the bag? I did not respond to this question.

7. One police officer then tried to grab the bag from me and actually had his hand on the bag. At this point, I ran away from the police toward Ogden Avenue, which is parallel to Merriman Avenue.

8. I ran on Ogden Avenue, toward Plimpton Avenue. There was a private house, with steps going down, on Ogden Avenue. I went down the two or three steps. There were garbage cans in this area, and I hid near the cans.

9. A short while later, four police officers found me. As they approached, with guns drawn, I threw the plastic bag containing the gun to the ground. The police arrested me and recovered the plastic bag from the ground.

10. At the precinct, I was advised of my Miranda Rights and signed a waiver.

11. The next day, two officers questioned me about the gun. I made statements.

Dated:   New York, New York
         September 3, 2007

*Mitchell, Hasim*
Hasim Mitchell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,


        -against-                    07 CR 405(GEL)


HASIM MITCHELL
----------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND PROPERTY

### PRELIMINARY STATEMENT

    Defendant, Hasim Mitchell, submits this Memorandum of Law in support of his motion to suppress statements he made after he was arrested, and a .45 caliber gun seized on April 7, 2007 at 169th Street and Ogden Avenue, Bronx New York.

### FACTUAL BACKGROUND

    The defendant is charged in a One Count Indictment as a felon in possession of a firearm pursuant to Title 18 §922(g)(1).
    The defendant in his Declaration claims that he was carrying a gun in a black shopping bag under his arm when he was surrounded by four police officers on Merriman Avenue at 169th Street. The defendant further claims that when he did not respond to the officer's question of what was in the bag, the officer reached out to grab the bag and touched it. At this point, the defendant ran away and hid in an area in front of a private home that contained garbage cans. A short while later, the officers approached, with guns drawn, and he threw the plastic bag containing the gun to the ground. The police arrested him and recovered the gun.
    The defendant was charged in Bronx County in a Criminal Court Complaint (Exhibit A) that claims that Police Officer Jonathan Korabel observed a gun in the defendant's waistband.

**ARGUMENT**

**POINT ONE
ABANDONMENT.**

When the officer attempted to grab the bag from the defendant, it was done without probable cause and therefore an illegal act. The events that followed resulting in the arrest of the defendant, the abandonment of the gun, and the statements made by the defendant, were all a result of the initial illegal act(s) by the police officer(s).

Police pursuit or investigation at the time of an abandonment of property does not render the abandonment involuntary. However, the abandonment is involuntary if it is done as a consequence of illegal police conduct. Abandonment cannot be the product of unlawful police conduct. United States v. Segars, 31 F.3d 655(C.A.8), 1994; United States vs. Koessel, 706 F.2d at 274; United States vs. Beck, 602 F.2d 726 (C.A.5), 1979.

**POINT TWO**

**THE DEFENDANT'S POST ARREST STATEMENTS AND THE SEIZURE OF PROPERTY MUST BE SUPPRESSED BECAUSE THE DEFENDANT'S STATEMENT IS THE FRUIT OF AN ILLEGAL SEARCH**

The burden of showing a confession is admissible rests on the Government. Taylor v. Alabama, 457 U.S. 687 (1982).

In this case, the defendant's post-arrest statements were the fruits of an illegal search and seizure. Even if defendant was properly given a *Miranda* warning, that warning does not remove the taint of an initial illegal seizure. See, Brown v. Illinois, 422 U.S. 590, 604-605 (1975); Wong Sun v. U.S., 371 U.S. 471 (1963). The unlawful conduct, namely the invalid seizure, was not so attenuated from the arrest and statements as to remove the constitutional taint. See, U.S. v. Crews, 445 U.S. 463 (1980).

## CONCLUSION

For the foregoing reasons, and those set forth in the accompanying declaration, defendant Hasim Mitchell's Motion to Suppress should be granted.

Dated:   New York, New York
         September 12, 2007

_____
WILLIAM STAMPUR, ESQ. (WS 9797)
Attorney for Defendant
Hasim Mitchell
299 Broadway, Suite 800
New York, NY 10007

# EXHIBIT A

BRONX SUPREME COURT
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF NEW YORK

v.

1. HASIM MITCHELL M/25

Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX



2007BX022491

PO JONATHAN KORABEL of 44 PCT, Shield# 03871, states that on or about April 7, 2007 at approximately 8:00 PM at 169 STREET AND OGDEN AVENUE, County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (F) P.L. 265.03(3)       Criminal Possession of a Weapon 2^ (DQO)
2 (F) P.L. 265.03(1)(b)*   Criminal Possession of a Weapon 2^ (DQO)
3 (M) P.L. 265.01(1)       Criminal Possession of a Weapon 4^

IN THAT THE DEFENDANT DID: with intent to use the same unlawfully against another did possess a disguised gun; with intent to use the same unlawfully against another did possess a loaded firearm and knowingly and unlawfully possess any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, black jack, bludgeon, metal knuckles, chucka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or "Kung Fu star".

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, deponent observed defendant to have on his person, in his waistband, one pistol loaded with six rounds, one in the chamber and five in the magazine, which defendant threw to the ground.