# HURWITZ STAMPUR & ROTH
## ATTORNEYS AT LAW

MICHAEL HURWITZ
WILLIAM J. STAMPUR
JAMES ROTH

299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

(212) 619-4240
FAX (212) 619-6743

February 26, 2008

**BY ECF**

The Honorable Leonard B Lynch
U.S. District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Hasim Mitchell</u>
07 CR 405 (GEL)

Dear Judge Lynch,

This letter is respectfully submitted on behalf of the defendant Jason Mitchell, who is scheduled to appear before Your Honor on March 6, 2008 for sentence.

Based on Mr. Mitchell's plea allocution, he has shown recognition of responsibility for the offense. Based on his timely notification of his intention to plead guilty and because the base offense level is greater than 16, the offense level is reduced by three levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).The adjusted offense level resulting from the foregoing calculations and discussion is 17, CH 4, sentencing range of 37-46 months.

The Court in considering § 3553 factors, and whether a sentence outside the guideline range is appropriate, should scrutinize the defendant's criminal history.

The plea agreement allows the defendant to argue for a sentence outside the advisory range pursuant to § 3553(a) factors; it does not allow for a request to depart from the stipulated range.

As the Court is aware, Federal Sentencing Guidelines are not binding but advisory. See <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) (excising the mandatory provisions of the guidelines and corresponding Sentence Reform Act (SRA), principally 18 U.S.C. §3553(b)(1)). There is a duty to consider the guidelines, among all the other factors to be considered that are identified in 18 U.S.C. §3553(a), and then determine whether to impose a "non-guidelines sentence." See <u>United States v. Crosby</u>, 2005 WL 240916 (2 Cir. 2005). Appellate review will be for reasonableness. Id.

MH/MITCHELL, H/SENT.LTR

1

HURWITZ STAMPUR & ROTH

The Honorable Leonard B Lynch
February 26, 2008
Page 2 of 4

>18 U.S.C. § 3553(a) provides that: The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:
>
>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>(2) the need for the sentence imposed;
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>(3) the kinds of sentences available;
>(4) the kinds of sentence and the sentencing range established for;
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…;
>(5) any pertinent policy statement…[issued by the Sentencing Commission];
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). The Guidelines are treated "as just one of a number of sentencing factors." United States v. Ranum, No. 04 Cr. 31, slip op., at 2-4 (E.D. Wis. Jan. 19, 2005) (recognizing that several of the factors identified in subsection 3553(a) conflict with the prescriptions and proscriptions of the Guidelines, and that such conflicts will require resolution by district courts). West, pg. 2.

In formulating the Guidelines, the Sentencing Commission recognized the potential harm of overstating a defendant's criminal history and thus exposing the defendant to punishment far in excess of what may be necessary to deter recidivism. Pursuant to U.S.S.G. § 4A1.3(b) (1),

>If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

HURWITZ STAMPUR & ROTH

The Honorable Leonard B Lynch
February 26, 2008
Page 3 of 4

A sentence outside the range is appropriate since it is sufficient, but not greater than necessary to comply with § 3553 of the guidelines. Factors to consider in granting a downward departure under § 4A1.3 may include "..." the sentences previously imposed, and the amount of time previously served compared to the sentencing range called for by placement in [Criminal History Category] VI." United States v. Mishoe, 241 F. 3d. 214, 219 (2d Cir. 2001).

While the Sentencing Commission and the aforementioned cases discuss the appropriateness of departing downward within the Guidelines, such analysis preceded the Supreme Court's decision in Booker. Now, post-Booker, the Guidelines are merely advisory, and a sentencing court must consider the Sentencing Commission's intent as just one of several salient factors, see 18 U.S.C. § 3553(a) (5) (A), in determining whether to impose a Guideline sentence or a non-Guideline sentence and the length of such sentence.

A pair of recent decision clarifies that the Supreme Court meant what it said in *Booker*. Kimborough v United States. 128 S.Ct. 558, 76 USLW 4023. United States v Gall, 128 S.Ct. 586. A sentence outside the Guidelines is not per se invalid, but rather the Court applies a reasonableness standard. Id. In *Gall*, the Supreme Court held that a Court of Appeals may not require sentences that deviate substantially from the Guidelines range to be justified by "extraordinary circumstances." 128 S.Ct. 586. The Guidelines are but one of the §3553 factors to be considered and do not carry any special weight. "The Guidelines should be the starting point and the initial benchmark." But a judge must make an individualized assessment considering all the statutory factors.

## PRIOR CRIMINAL HISTORY

The defendant is in Category IV based on nine Criminal History points. An analysis of the defendant's Criminal History indicates the following: three points were assigned for an attempted robbery when the defendant was 17 years old. One point was assigned for a marijuana possession case and two points were assigned for bail jumping and two points because the instant case was within two years from his release on the bail jumping case. The defendant also received one point for a misdemeanor possession of a weapon in 2004.

## PERSONAL HISTORY

The PSR states that the defendant informed Probation that he left high school in the eleventh grade, and was raised by his mother. He had no father figure to help guide him, and at age 16 was hanging out with the "wrong" crowd.

MH/MITCHELL, H/SENT.LTR

3

Hurwitz Stampur & Roth

The Honorable Leonard B Lynch
February 26, 2008
Page 4 of 4

The defendant asks the Court to consider a sentencing below the guideline range, or at the lowest end of the guideline range.

Respectfully submitted,

Michael Hurwitz, Esq.

MH:jpy